

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Mitsubishi Corp v. Goldmark Plastic

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4846

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mitsubishi Corp v. Goldmark Plastic" (2008). *2008 Decisions.* Paper 98.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/98

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4846
_____

MITSUBISHI CORPORATION

v.

GOLDMARK PLASTIC COMPOUNDS, INC.;
GOLDMARK PLASTICS INTERNATIONAL, INC.;
G.P.C. PLASTIC SALES CORPORATION;
STANLEY R. GOLDMARK; KENNETH GROSS,

Appellants

v.

ARISTECH CHEMICAL CORPORATION;
SUNOCO, INC.,

Third Party Defendants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil 02-cv-01975)
District Judge: Honorable David Stewart Cercone

_____

Submitted Under Third Circuit LAR 34.1(a)
on October 23, 2008

Before:  RENDELL and SMITH, <u>Circuit Judges</u>
POLLAK,* <u>District Judge</u>

(Filed:   December 17, 2008)

_____

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

We are asked on this appeal to overturn the District Court's conclusion that the language of the Guarantee Agreement dated January 19, 2001 ("Guarantee Agreement"), encompassed all obligations, rather than just future obligations, of Goldmark Plastic Compounds Inc. to Aristech Chemical Corporation and/or Sunoco, Inc. The salient facts are undisputed. Because we disagree with the District Court's interpretation of the language of the Guarantee Agreement, we will reverse and remand.

The District Court granted summary judgment against individual defendants Kenneth Gross and Stanley Goldmark, concluding that they were personally responsible for all obligations of related corporations by virtue of the Guarantee Agreement. The Guarantee Agreement was given to Aristech Chemical Corporation and/or Sunoco, Inc., "in order to induce [them] to extend credit to Goldmark Plastic Compounds, Inc." The relevant language of the Guarantee Agreement reads as follows:

> In order to induce you to extend credit to **GOLDMARK PLASTIC COMPOUNDS INC.** (Herein "Debtor"), concerning the purchase of products and services from you, the undersigned hereby guarantee, jointly and severally, the full and prompt payment to you of any indebtedness and any other monetary liabilities and obligations of Debtor to you in connection therewith, together with all expenses of obtaining payment thereof or enforcing any collateral security or this

2

Guarantee, including court costs and reasonable attorneys' fees (said indebtedness, liabilities, obligations and expenses being referred to herein as "Such Obligations").

The District Court believed that the guarantee of "any indebtedness" "necessarily encompassed any existing debt at the time the instrument was executed, which included the $2.4 million promissory note that was executed on the same date." (Apx. 33A) The District Court also reasoned that the "continuing, absolute and unconditional Guarantee" language reflected the intent to extend to future indebtedness as well. Thus, the District Court concluded, "[t]hus, the language used in the instrument objectively reflects a clear intent to guarantee both the existing and future indebtedness of Goldmark Plastics to Aristech and/or Sunoco, which is only reinforced by the circumstances and context in which the personal guarantee was executed." (Apx. 34a)

Returning to the language of the Guarantee Agreement itself, we conclude that the express terms of the Guarantee Agreement reveal an intent to include only future obligations within the terms of the guarantee. We begin by examining the critical "hereby guarantee" language, which states that the guarantee is given in order to induce Aristech to "extend credit . . . concerning the purchase of products and services from you."

The guarantee language then states that what is guaranteed is "the full and prompt payment to you of any indebtedness and any other monetary liabilities and obligations of debtor to you *in connection therewith* . . ." (Emphasis added)

3

These liabilities, together with expenses, etc., are identified and referred to as "Such Obligations." Thereafter, throughout the guarantee, it is clear that what is guaranteed is "Such Obligations."

Because the parties themselves agreed to the guarantee of liabilities in connection with the extension of credit concerning purchase of products prospectively, we cannot agree with the District Court that pre-existing obligations were included under the term of "Such Obligations."

Accordingly, we will REVERSE and REMAND for further proceedings.[1]

_____

[1]We need not address the issue as to choice of law because we believe that, under any applicable law, the contract terms are limited to future extensions of credit for future purposes.